# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| LESLIE DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AGA SERVICE COMPANY (a/k/a ALLIANZ GLOBAL ASSISTANCE USA), JEFFERSON INSURANCE COMPANY, AMERICAN AIRLINES, INC., and DELTA AIRLINES, INC.<br><br>Defendants. | **Civil Action No. _____**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Leslie Davis brings this action, on behalf of herself and all others similarly situated, against AGA Service Company (a/k/a Allianz Global Assistance USA) ("Allianz"), Jefferson Insurance Company ("Jefferson") (together with Allianz, the "Insurance Defendants"), American Airlines, Inc. ("American Airlines") and Delta Airlines, Inc. ("Delta Airlines") (together with American Airlines, the "Airline Defendants"). Based upon information and belief, the investigation of undersigned counsel, and personal knowledge of the facts pertaining to herself, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1.  This is a class action for damages and restitution against Allianz, Jefferson, American Airlines and Delta Airlines, because of their wrongful and deceptive conduct toward Plaintiff and similarly-situated residents of the United States Virgin Islands and Puerto Rico (collectively, "the Territories").

2. Insurance Defendants purport to sell, issue, and underwrite Allianz Travel Insurance Plans ("Travel Insurance Plans" or "the Plans") that indemnify customers for an array of losses associated with air travel, including reimbursements for covered trip cancellations and unexpected travel delay expenses, emergency medical and dental treatment, and reimbursement for baggage delay and baggage loss.

3. American Airlines and Delta Airlines (collectively, the "Airline Defendants") aggressively market these Plans on their websites to residents of the Territories.

4. The Insurance Defendants sell, issue, and underwrite the Plans from their headquarters in Richmond, Virginia.

5. Allianz Travel Insurance Plans are popular among residents of the Territories because of the high cost of air travel to the mainland United States.

6. These residents choose policy coverage, pay a premium to the Airline Defendants that is subsequently passed along to the Insurance Defendants, and receive an Allianz Travel Insurance Plan Letter of Confirmation and a Travel Insurance Policy, called a "Certificate," in return.

7. But Defendants have no intention of honoring the travel insurance policies that they market, sell, and issue to residents of the Territories.

8. Allianz Travel Insurance Plans are invalid for those customers that are residents of the Territories. In fact, neither Allianz nor Jefferson are even licensed to conduct business in the Territories. As a result, Insurance Defendants are never at risk of having to cover *any* travel perils associated with these plans.

9. Having neither accepted nor assumed any transferred risk of loss, Insurance Defendants provide no consideration in exchange for the premiums they have been paid to cover those particular risks.

10. Plaintiff, along with the Classes she seeks to represent, is a resident of the Territories who bought a Travel Insurance Plan from Defendants and who suffered injury by paying a premium for insurance coverage which never existed.

11. This suit is brought pursuant to the Consumer Protection Law of 1973, 12A V.I.C. § 101, *et seq.* and the Consumer Fraud and Deceptive Business Practices Act, 12A V.I.C. § 301, *et seq.* on behalf of a class of all residents of the United States Virgin Islands, and the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-204, *et seq.* on behalf of all residents of the Territories who purchased a Travel Insurance Plan from Defendants.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one defendant; there are more than 100 class members; the aggregate amount in controversy exceeds $5,000,000; and minimal diversity exists.

13. This Court has personal jurisdiction over each Defendant herein, because each Defendant intentionally avails itself of this jurisdiction by marketing and selling products, including Allianz Travel Insurance Plans, to residents of the Territories.

14. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred and/or emanated from this District, and Defendants have caused harm to class members residing in this District.

## PARTIES

15. Plaintiff Leslie Davis is a resident and citizen of the United States Virgin Islands. Ms. Davis purchased, on a regular basis, Allianz Travel Insurance Plan from Defendant American Airlines.

16. Defendant AGA Service Company (a/k/a Allianz Global Assistance USA) is the licensed producer and administrator of Allianz Global Assistance and Allianz Travel Insurance Plans.

Allianz is a Virginia corporation, with its principal office located at 9950 Mayland Drive, Richmond, Virginia 23233.

17. Defendant Jefferson Insurance Company underwrites Allianz Global Assistance and Allianz Travel Insurance branded-plans, which are sold to customers in the Territories and states. Jefferson is a New York corporation, with its principal office located at 9950 Mayland Drive, Richmond, Virginia 23233.

18. Defendants Allianz and Jefferson are affiliates and subsidiaries of AGA, Inc., which in turn is a subsidiary of German-based Allianz SE, the world's largest property and casualty insurer and one of the largest public companies in the world.

19. Defendant American Airlines, Inc. is a Delaware corporation, with its principal office located at 4333 Amon Carter Boulevard, Fort Worth, TX 76155. Insurance Defendants sell single-trip Travel Insurance Plans in conjunction with American via the American Airlines website.

20. Defendant Delta Airlines, Inc. is a Delaware corporation, with its principle office located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Insurance Defendants sell single-trip Travel Insurance Plans in conjunction with Delta via the Delta Airlines website.

## FACTUAL ALLEGATIONS

A. <u>Allianz Travel Insurance Plans</u>

21. Allianz Travel Insurance Plans purport to reimburse customers for losses connected with travel. Allianz Travel Insurance Plans group together insurance policy protection for various risks into a pre-packaged bundle. For example, a Plan may indemnify against pre-departure risks by covering losses of airfare or accommodation deposits if the insured cancels the covered trip at short notice. Or it may cover post-departure losses for the interruption of a trip, lost baggage, or medical or dental emergencies.

22. Customers pay a gross premium for all policy coverages, which are combined within a single Plan. Typically, the more perils covered by the Travel Insurance Plan, the more expensive the gross premium.

23. Insurance Defendants sell the Plans online in conjunction with each of the Airline Defendants. Insurance Defendants conduct these sales activities from their principal offices in Richmond, Virginia.

24. Each Airline Defendant markets the Plans to its customers, including to residents of the Territories, and facilitates the sale of the Plans online. *See Figure 1*.



*Figure 1: Screenshot of the payment screen of the Delta Airlines website. Delta "highly recommend[s]" that its customers purchase Allianz Travel Insurance Plans.*

25. When a customer purchases an Allianz Travel Insurance Plan, he or she receives both a Letter of Confirmation (the "Confirmation") and a Travel Insurance Policy/Certificate, which may include one or more attached riders (the "Certificate"). Both the Confirmation and the Certificate provide the terms and conditions for coverage.

26. The Confirmation is a one-page document that clearly and separately lists each insurance benefit actually purchased and the corresponding coverage limits. *See Figure 2.*

> Your plan includes the following coverage, up to the limits shown. Please see your *Certificate of Insurance* for information about how our insurance works.
>
> | Benefit | Coverage Limits* |
> |---|---|
> | Baggage Delay Coverage | $500.00 |
> | Emergency Medical and Dental | $10,000.00 |
> | Trip Cancellation Protection | $434.99 |
> | Travel/Trip Delay Coverage | $500.00 |
> | Trip Interruption Protection | $434.99 |
>
> *USD per person unless noted otherwise
>
> **Please Note**
> - Your plan includes Existing Medical Condition Coverage.
> - For Emergency Medical and Dental Benefits, a one-time $50.00 deductible per person applies to outpatient visits.
> - California residents: We are doing business in California as Allianz Global Assistance Insurance Agency, License # 0B01400.
> - There is a $500 maximum for all covered dental expenses.
> - AGA Service Company is the licensed producer and administrator for this plan.
> - **Insurance coverage is provided under Form No. 101-P-XX-02-102 issued by Jefferson Insurance Company.**

*Figure 2: Insurance benefits and corresponding coverage limits purchased by Plaintiff and listed in her September 12, 2016 Letter of Confirmation*

27. The Confirmation lists additional information specific to the individual insured, including: (a) the name and address of the putative insured; (b) the name and policy identification number of the Plan; (c) the dates of issuance, coverage, and travel; and (d) the gross premium paid in exchange for the entire Travel Insurance Plan (which Defendants label the "Total cost" for the plan). *See Figure 2.* The Confirmation also includes an Emergency Assistance Card, which the insured is instructed to detach, fold, and carry.

28. The Confirmation never informs the purchaser that Allianz Travel Insurance Plans are not valid for residents of the Territories.

29. The Certificate is a multi-page booklet explaining the general travel benefits offered by Allianz Defendants. The Certificate states that "[t]he plan you purchased may not include all the

coverage described here. Make sure you check your letter of confirmation to confirm your coverage and limits."

30. The Certificate never informs the purchaser that Allianz Travel Insurance Plans are not valid for residents of the Territories.

**B. Defendants market, sell, and issue fraudulent Allianz Travel Insurance Plans to residents of the Territories.**

31. Regardless of the purchase platform utilized or the specific benefits included in any insurance plan, Allianz Travel Insurance Plans are not valid for residents of the Territories.

32. In fact, neither Allianz nor Jefferson are licensed to conduct business in the Territories.

33. But Airline Defendants market the Plans to residents of the Territories, and Allianz Defendants sell or have sold the Plans to those customers anyway.

34. On September 12, 2016, Plaintiff Davis, a citizen and resident of the United States Virgin Islands, bought a single-trip Allianz Travel Insurance Plan. The Plan included baggage delay coverage, emergency medical and dental, trip cancellation protection, travel/trip delay coverage, and trip interruption protection. *See Figure 2, supra.*

35. Plaintiff paid a premium of $31.54 for the policy, and received a Confirmation and Certificate after completing her purchase.

36. The Confirmation clearly lists Plaintiff's mailing address in Frederiksted, Virgin Islands. *See Figure 3*.

37. The Certificate never informs the purchaser that indicate that Allianz Travel Insurance Plans are not valid for residents of the Territories.

38. Defendants accepted Plaintiff's premium in exchange for insuring her against travel risks, but never provided any coverage in return, because Plaintiff is a resident of a United States Territory.

39. As a result, Defendants were not bound by the terms of Plaintiff's Allianz Travel Insurance Plan, and never assumed the risk of ever having to cover any travel perils for which Plaintiff paid pursuant to the Plan.



*Figure 3: Portion of Plaintiff Davis' Confirmation Letter, listing her address in Frederiksted, Virgin Islands*

40. Based on Defendants' affirmative misrepresentations, including the production of a Certificate and Confirmation, Plaintiff believed she had valid travel insurance. But even though Plaintiff paid Defendants a premium and received a Certificate and Confirmation in return, she was never actually indemnified against any travel perils.

41. As noted above, Allianz Travel Insurance Plans, including the Plan purchased by Plaintiff on September 12, 2016, are not valid for residents of the United States Territories.

42. Defendants' practice of accepting a premium and issuing a worthless Confirmation and Certificate is systematic and uniform whenever the purported insured is a resident of a Territory.

43. Plaintiff, along with the classes she seeks to represent, suffered ascertainable loss and actual damages as a direct and proximate result of Defendants' misrepresentations and its concealment of and failure to disclose material information about Allianz Travel Insurance Plans.

44. Plaintiff, along with the classes she seeks to represent, would not have purchased an Allianz Travel Insurance Plan if the product's true nature was disclosed.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this lawsuit as a class action on behalf of herself, and all others similarly situated as members of the proposed classes, under Federal Rules of Civil Procedure 23(a) and (b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

46. Plaintiff seeks to certify the following class:

> All residents of the United States Territories who purchased an Allianz Travel Insurance Plan from the Airline Defendants.

47. Excluded from the definition are the defendants, their officers, directors, management, employees, subsidiaries, and affiliates, and all federal governmental entities. Plaintiff reserves the right to revise the Class Definition based upon information learned through discovery.

C. **Class Certification Requirements under Rule 23**

48. **Numerosity: Rule 23(a)(1).** Each class is so numerous that joinder of all members is impracticable. Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number of persons who are members of each Class is so numerous that joinder of all members in one action is impracticable. While the precise number, names, and addresses of all members of each Class are unknown to Plaintiff, such information is

ascertainable from Defendants' records, including as to the identity of its insureds and the policies and coverages purchased.

49. **Commonality and Predominance: Rules 23(a)(2) and 23(b)(3)**. There are numerous questions of law or fact common to each Class, and those issues predominate over any question affecting only individual class members. The common legal and factual issues include the following:

   (a) Whether Defendants, as a matter of course and policy, retained unearned, risk-free premiums paid for travel insurance coverage;

   (b) Whether Defendants faced no risk of having to cover travel perils and thus retained unearned premium;

   (c) Whether Defendants engaged in conduct that violated the Virgin Islands' consumer protection statutes—including the Consumer Protection Law of 1973 and the Consumer Fraud and Deceptive Business Practices Act;

   (d) Whether Defendants engaged in conduct that violated Virginia's consumer protection statutes—including the Consumer Protection Act;

   (e) Whether Plaintiff and the Class Members are entitled to equitable relief, including declaratory relief; and

   (f) Whether Plaintiff and the Class members are entitled to damages and other monetary relief and, if so, in what amount.

50. **Typicality: Rule 23(a)(3).** Plaintiff's claims are typical of the claims of the Class in that the representative plaintiff, like all Class Members, is a resident of the United States Territory who purchased an Allianz Travel Insurance Plan from Defendants. Each member of the proposed Class has been similarly injured financially by Defendants' misconduct, and is entitled to restitution of the portion of the gross premium that Defendants accepted in exchange for insuring against travel risks, but for which they never provided any coverage in return.

51. **Adequacy: Rule 23(a)(4).** Plaintiff will fairly and adequately protect the interests of each Class. Plaintiff has retained attorneys experienced in class and complex litigation, including class

litigation involving consumer protection. Plaintiff intends to vigorously prosecute this litigation. Neither Plaintiff nor her counsel have interests that conflict with the interests of the other class members.

52. **Superiority: Rules 23(b)(3).** Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of claims by many members of the proposed class who could not individually afford to litigate a claim such as is asserted in this complaint. This class action likely presents no difficulties in management that would preclude maintenance as a class action.

## CAUSES OF ACTION

## COUNT I

**UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER VIRGIN ISLAND LAW**

**Consumer Protection Law of 1973 – 12A V.I.C. § 101, et seq.**

53. Plaintiff incorporates by reference and re-alleges the preceding paragraphs as if fully set forth herein, and further states:

54. The Virgin Islands Consumer Protection Law protects the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or misleading, deceptive, or unfair acts or practices in the course of trade or commerce.

55. Defendants engaged, and continue to engage, in a deceptive and unfair trade practice in the marketing and sale of Allianz Travel Insurance Plans to residents of the United States Territories.

56. Defendants' trade practices misrepresented, deceived, or unfairly influenced objective and reasonable consumers in the United States Territories, including the Virgin Islands, through the purported issuance of a travel insurance plan in exchange for payment of a gross premium.

57. The consumer protection laws of the Virgin Islands are to be liberally construed to protect the people and businesses of the Virgin Islands.

58. Individual reliance is not an element of proof under the consumer protection statutes of the Virgin Islands because the laws are intended to be enforced by class action. The standard is that of an objective and reasonable consumer in the Virgin Islands.

59. Defendants' wrongful actions represent a deceptive and unfair trade practice in that Defendants unfairly took advance of the lack of knowledge, ability, experience, or capacity of consumers when marketing and selling invalid Allianz Travel Insurance Plans to residents of the United States Territories.

60. Plaintiff is entitled to an award of attorneys' fees.

61. Each Defendant is jointly and severally liable for the torts alleged herein.

## COUNT II

**UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER VIRGIN ISLANDS LAW**

**Consumer Fraud and Deceptive Business Practices Act, 12A V.I.C. § 301, et seq.**

62. Plaintiff incorporates by reference and re-alleges the preceding paragraphs as if fully set forth herein, and further states:

63. The purpose of the Consumer Fraud and Deceptive Business Practices Act is to protect the consuming public from those who engage in fraudulent and deceptive acts in the course of trade or commerce.

64. Defendants engaged, and continue to engage, in fraudulent and deceptive trade practice in the marketing and sale of Allianz Travel Insurance Plans to residents of the United States Territories.

65. Defendants' trade practices misrepresented, deceived, or unfairly influenced objective and reasonable consumers in the Virgin Islands by marketing and selling invalid travel insurance policies to residents of the Territories.

66. The consumer protection laws of the Virgin Islands are to be liberally construed to protect the people and businesses of the Virgin Islands.

67. Individual reliance is not an element of proof under the consumer protection statutes of the Virgin Islands because the laws are intended to be enforced by class action. The standard is that of an objective and reasonable consumer in the Virgin Islands.

68. Defendants' wrongful actions represent a deceptive and unfair trade practice in that Defendants unfairly took advance of the lack of knowledge, ability, experience, or capacity of consumers when marketing and selling invalid Allianz Travel Insurance Plans to residents of the United States Territories.

69. Plaintiff is entitled to an award of attorneys' fees under the statutory provision of this Act.

70. Each Defendant is jointly and severally liable for the torts alleged herein.

## COUNT III

**UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER VIRGINA LAW**

**Consumer Protection Act, Va. Code Ann. § 59.1-204, et seq.**

71. Plaintiff incorporates by reference and re-alleges the preceding paragraphs as if fully set forth herein, and further states:

71. The purpose of the Virginia Consumer Protection Act is to promote fair and ethical standards of dealings between suppliers and the consuming public.

72. Defendants engaged, and continue to engage, in fraudulent and deceptive trade practice in the marketing and sale of Allianz Travel Insurance Plans to residents of the United States Territories.

73. Insurance Defendants' fraudulent and deceptive conduct, including the decision to sell, issue, and underwrite Allianz Travel Insurance Policies to residents of the Territories, took place at their headquarters in Richmond, Virginia.

74. Defendants' trade practices misrepresented, deceived, or unfairly influenced objective and reasonable consumers in the United States Territories by marketing and selling invalid travel insurance policies to residents of the Territories.

75. Defendants' wrongful actions represent a deceptive and unfair trade practice in that Defendants unfairly took advance of the lack of knowledge, ability, experience, or capacity of consumers when marketing and selling invalid Allianz Travel Insurance Plans to residents of the United States Territories.

76. Plaintiff is entitled to an award of attorneys' fees under the statutory provision of this Act.

77. Each Defendant is jointly and severally liable for the torts alleged herein.

**UNJUST ENRICHMENT UNDER COMMON LAW**

78. Plaintiff incorporates by reference and re-alleges the preceding paragraphs as if fully set forth herein, and further states:

79. Defendants have benefitted from selling at an unjust profit Allianz Travel Insurance Plans to residents of the United States Territories, who paid premiums for invalid insurance policies.

80. Defendants have received and retained unjust benefits from the Plaintiff and class, and an inequity has resulted.

81. Because Defendants concealed their fraud and deception, Plaintiff and the class were not aware of the true facts concerning Allianz Travel Insurance Plans, and certainly did not benefit from Defendants' misconduct.

82. Defendants knowingly accepted the unjust benefits of its fraudulent conduct and other misconduct.

83. As a result of Defendants' misconduct, the amount of its unjust enrichment should be disgorged and returned to Plaintiff and the class in an amount to be proven at trial.

## NOTICE OF ALLEGATION OF PUNITIVE DAMAGES

84. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein, and further states:

85. Defendants are liable for punitive damages for their intentional, willful, and reckless disregard of the rights of others, particularly in misleading, deceiving or unfairly influencing consumers to unjustly and unlawfully enrich themselves at the expense of the well-being of residents of the United States Territories.

86. Defendants' intentionally misleading conduct to increase profits at the expense of the public (and other business trying to compete lawfully) is an intentional and/or reckless conduct which constitutes malice and fraud and evinces a conscious or reckless indifference to the rights, health, well-being and safety of others, including the plaintiff and the public, which thereby warrants the imposition of punitive damages against Defendants.

87. For the sake of example and by way of punishing Defendants, Plaintiff seeks punitive damages according to proof.

88. Each Defendant is jointly and severally liable for the torts alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of other Class members, respectfully requests this Honorable Court to enter judgment against Defendants as follows:

A. Certifying this action as a class action, with a class as defined above;

B. Finding that Plaintiff is a proper representative of the Class, and the appointment of the undersigned as Class Counsel;

C. Requiring Defendants pay for notifying the Class members of the pendency of this suit;

D. Awarding Plaintiff and the Class monetary damages in an amount to be determined at trial, trebling those damages awarded pursuant to law, together with pre- and post-judgment interest;

E. Awarding Plaintiff and the Class statutory damages in the maximum amount provided by law;

F. Awarding Plaintiff and other Class members the reasonable costs and expenses of suit, including their attorneys' fees; (as provided by statute) and

G. Any further relief that the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all claims in this action so triable.

Dated: November 15, 2017                    Respectfully Submitted,

*J. Russell B. Pate, Esq.*
J. Russell B. Pate, Esq. (V.I. Bar No. 1124)
THE PATE LAW FIRM
P.O. Box 890, St. Thomas, USVI 00804
Telephone: (340) 690-7283
Facsimile: (888) 889-1132
pate@sunlawvi.com

and
Korey A. Nelson, Esq. (V.I. Bar No. 2012)*
Lydia A. Wright, Esq. (LA Bar No. 37926)+
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
lwright@burnscharest.com


Warren T. Burns, Esq. (V.I. Bar No. 2004)*
Daniel H. Charest, Esq. (V.I. Bar No. 2020)*
BURNS CHAREST LLP
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com
dcharest@burnscharest.com


*Applications for regular admission to the District Court to be filed;

+Application for admission *pro hac vice* to be filed.

**Counsel for Plaintiffs**